### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

**JULIO E. LOPEZ-MERIDA,**

     **Petitioner,**

**v.**                                                   **No. 13-cv-0812 JAP/SMV**
                                                              **08-cr-1841 JAP**

**UNITED STATES,**

     **Respondent.**

### MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendant/Petitioner (hereinafter "Petitioner") Julio E. Lopez-Merida's Motion under 28 U.S.C. § 2255 . . . [CV Doc. 1][1] filed on August 26, 2013. Plaintiff/Respondent (hereinafter "the Government") filed a response [CV Doc. 8] on March 27, 2014.  Plaintiff filed a reply [CV Doc. 11] on April 28, 2014, and moved to supplement his reply [CV Doc. 12] on May 5, 2014.  The Honorable James A. Parker, Senior United States District Judge, referred this matter to the undersigned for proposed findings and a recommended disposition on December 12, 2013.  [CV Doc. 4].  I recommend that Petitioner's motion to supplement his reply [CV Doc. 12] be GRANTED.  Having reviewed the parties' submissions, the relevant law, and the records in this case and Petitioner's underlying criminal case, and being otherwise fully advised in the premises, I recommend that this motion be DENIED and that Case No. 13-cv-0812 JAP/SMV be DISMISSED with prejudice.

---

[1] References that begin with "CV" are to case number 13-cv-0812 JAP/SMV.  References that begin with "CR" are to the underlying criminal case, 08-cr-1841 JAP.

**Procedural and Factual Background**

On August 2, 2008, Petitioner was driving a tractor-trailer containing cantaloupe on Interstate 40, west of Albuquerque, New Mexico.  *United States v. Lopez-Merida*, 466 F. App'x 731, 733 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 224 (2012).  Gil Manfredo Ruiz accompanied Petitioner.  *Id.*  New Mexico state police officer Arcenio Chavez ("Officer Chavez") stopped the vehicle, claiming to observe a loose air-break hose between the tractor and trailer in violation of NMSA 1978, § 65-3-8(A) (2003).  [CV Doc. 1] at 5; *see Lopez-Merida*, 466 F. App'x at 733.  Officer Chavez examined Petitioner's log book and shipping papers.  *Lopez-Merida*, 466 F. App'x at 733.  He found various deficiencies and inconsistencies that Petitioner could not adequately explain.  *Id.*  New Mexico Motor Transportation Division agent Joshua Perea ("Agent Perea") arrived to assist Officer Chavez about 20 minutes after the initial stop.  *Id.* at 734.  Officer Chavez issued Petitioner a warning citation for the loose air-break hose.  *Id.*

Agent Perea and Officer Chavez entered the trailer to conduct a safety inspection of the cargo.  *Id.*  They saw cantaloupe, as expected from the bill of lading, as well as what they believed to be marijuana.  *Id.*  Officer Chavez obtained written consent from Petitioner and Mr. Ruiz to search the trailer.  *Id.* at 735.  Entering the trailer with his drug-detection dog, Officer Chavez discovered shrink-wrapped marijuana.  *Id.*  He arrested Petitioner and Mr. Ruiz and then recovered 101 packages of marijuana from the trailer.  *Id.*

On August 13, 2008, a federal grand jury in the District of New Mexico returned a two-count indictment against Petitioner.  [CR Doc. 15].  One count charged Petitioner with possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C.

2

§§ 841(a)(1) and (b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2.  *Id.*  The other

count charged Petitioner with conspiracy to commit the same offense, in violation of 21 U.S.C.

§ 846.  *Id.*

On July 1, 2009, Petitioner's trial counsel moved to suppress the evidence seized from

the trailer and the statements made to the officers.  [CR Doc. 64].  Judge Parker held a hearing on

the matter on September 14, 2009.  Transcript of [Suppression Hearing] [CR Doc. 80].  Both

Petitioner and the Government filed post-hearing briefs on the motion to suppress.  *See*

[CR Docs. 82, 84, 85].  On January 7, 2010, Judge Parker denied the suppression motion.  [CR

Doc. 91].  He determined that Petitioner lacked standing to directly contest the search of the

trailer and, further, that the search of the trailer was otherwise lawful.  *Id.*

The case proceeded to trial.  A jury found Petitioner guilty of both possession with intent

to distribute 100 kilograms or more of marijuana and conspiracy to commit that offense.

[CR Doc. 160].

Petitioner's counsel filed a Motion for Judgment of Acquittal and in the Alternative for a

New Trial [CR Doc. 125] on March 18, 2010.  Judge Parker denied both the motion for acquittal

and the motion for a new trial as untimely.  [CR Doc. 128].

Judge Parker held a sentencing hearing on November 4, 2010.  Transcript of Sentencing

Hearing . . . [CR Doc. 156].  There, Drug Enforcement Administration ("DEA") task force

officer and deputy sheriff for the County of Bernalillo, Danny Joseph ("Officer Joseph"),

testified as to the bulk and net weights of marijuana in Petitioner's vehicle.  *Id.* at 6–13.

Judge Parker found by a preponderance of the evidence that Petitioner was responsible for

1,013.32 kilograms of marijuana.  *Id.* at 20.  Judge Parker considered various sentencing factors,

*id.* at 28–29, and ultimately sentenced Petitioner to the mandatory minimum sentence of 120 months' imprisonment.  [CV Doc. 8] at 2.

Judge Parker entered judgment against Petitioner on November 8, 2010.  [CR Doc. 144]; *see* [CR Doc. 160] (amending judgment).  Petitioner appealed to the Tenth Circuit, claiming that the district court erred in (1) denying his motion to suppress, and (2) calculating the amount of marijuana attributable to him at sentencing.  *Lopez-Merida*, 466 F. App'x at 735–37.   The Tenth Circuit affirmed the judgment on both issues.  *Id.* at 737.

Petitioner now brings the present motion pursuant to 28 U.S.C. § 2255.  *See* [CV Doc. 1].

## Analysis

Petitioner raises five grounds in support of his motion.  *See* [CV Doc. 1] at 1.  Three claims—Grounds Two, Four, and Five—are based on ineffective assistance of counsel.  In Ground Two, Petitioner claims that his counsel was ineffective "during the suppression hearing for failing to challenge an invalid stop and the court's mis-reading of New Mexico Code Section § 65-3-8 (A)."  *Id.*  In Ground Four, he argues ineffective assistance for his counsel's "fail[ure] to present available 'standing' evidence" in connection with the request to suppress evidence.  *Id.* He claims in Ground Five that his counsel was ineffective during sentencing for failing to present adequate evidence concerning the amount of marijuana received into evidence. Petitioner further claims "[a]ctual [i]nnocence of the underlying conviction" in Ground One.[2]  *Id.* Finally, Petitioner argues in Ground Three that the district court imposed the mandatory minimum 10-year sentence in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  *Id.*

---

[2] Petitioner's statement can be interpreted as presenting either a freestanding claim of actual innocence or a claim of ineffective assistance of counsel for failure to file a timely motion for a judgment of acquittal under Fed. R. Crim. P. 29.  Because Petitioner appears pro se, I will construe his claims liberally and proceed as if he raises both points.  *See Steele v. Young*, 11 F.3d 1518, 1521 n.4 (10th Cir. 1993).

The Government argues against Petitioner's claims on various procedural grounds—primarily, procedural default.  Procedural default, however, is not jurisdictional.  *Trest v. Cain*, 522 U.S. 87, 89 (1997).  Accordingly, a court need not address procedural default defenses where a habeas petitioner otherwise loses on the merits.  *Revilla v. Gibson*, 283 F.3d 1203, 1211 (10th Cir. 2002).  I decline to address the procedural default arguments here and instead will make recommendations based on the merits of Petitioner's claims.

## I.      Ineffective-Assistance-of-Counsel Claims

### A.      The Standard

The test for making a claim of constitutionally ineffective assistance of counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a defendant must satisfy a two-part test:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair [proceeding].

466 U.S. at 687.  Both showings must be made to satisfy the *Strickland* standard.  *Id.*  The Court need not address both prongs of the standard if the defendant makes an insufficient showing on one of the prongs.  *Id.* at 697.  In applying the two-part *Strickland* test, a court may address the performance and prejudice components in any order.  *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).

Under the first prong, a defendant must demonstrate that his counsel's performance was deficient.  The appropriate standard for attorney performance is that of reasonably effective

5

assistance; the defendant must demonstrate that counsel's representation, considering all the circumstances, fell below an objective standard of reasonableness based on prevailing professional norms. *See Strickland* 466 U.S. at 687–88. For counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)). In evaluating an attorney's performance, the Court must be highly deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

In applying this test, the Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "Neither hindsight nor success is the measure" of whether counsel was effective, and "effective" is not synonymous with victorious or flawless. *Dever v. Kan. State Penitentiary*, 36 F. 3d. 1531, 1537 (10th Cir. 1994). Rather, to be considered *ineffective* assistance of counsel, "the representation must have been such as to make the [proceeding] a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Id*. (citing *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971)).

A defendant asserting ineffective assistance of counsel must also affirmatively prove prejudice.  *Strickland*, 466 U.S. at 693.  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

### B.      Claim of Ineffective Assistance of Counsel during the Suppression Hearing

Petitioner claims ineffective assistance of counsel relating to the motion to suppress "for failing to adequately challenge the initial stop as invalid at its inception."  [CV Doc. 1] at 18.  In his appeal to the Tenth Circuit, Petitioner contested Judge Parker's ruling on the suppression motion by claiming that "the traffic stop was invalid at its inception."  *Lopez-Merida*, 466 F. App'x at 735.  The Tenth Circuit held the issue waived because Petitioner failed to adequately "present the issue fairly to the district court for resolution, particularly when he failed to make this argument during the suppression hearing or in the posthearing briefing."  *Id.*  Petitioner contends that his trial counsel should have challenged the initial stop and the district court's interpretation of § 65-3-8.  [CV Doc. 1] at 1, 19–20.

Petitioner claims that counsel's representation was deficient and prejudiced him and, therefore, meets the *Strickland* standard.  Petitioner believes that Officer Chavez misinterpreted and misapplied § 65-3-8, and he contends that the district court misinterpreted this statute as well.[3]  [CV Doc. 1] at 18–19.  Petitioner claims that he "told counsel that the hoses were secured the correct way" and directed counsel "to challenge the initial stop."  [CV Doc. 1] at 18.  Nevertheless, his attorney "failed to sufficiently make that very meritorious argument during the

---

[3] Specifically, Petitioner argues that safety-related parts, such as air-break hoses, need not be properly secured, but must simply be in "good working order."  [CV Doc. 1] at 7–8.

suppression hearing or in the post-hearing briefing" and "failed to challenge the reasoning of the

district court's interpretation of the state statute." *Id.* at 18–19.  The representation fell below

competency, he argues, because a reasonably competent attorney would have argued mistake of

law, that § 65-3-8 was ambiguous, and that an officer's mistake of law usually cannot justify a

traffic stop under the Fourth Amendment.  [CV Doc. 11] at 7; *see* [CV Doc. 11] at 10

("[Petitioner] can demonstrate [his counsel's] 'gross incompetence' for failing to challenge the

'initial stop' in light of the [l]aw and facts applicable at the time of the suppression hearing.").

As to the second *Strickland* prong, Petitioner introduces various cases to show that an officer's

mistake of law constitutes grounds for suppression of evidence.  [CV Doc. 11] at 14 (citing, for

example, *United States v. Nicholson*, 721 F.3d 1236, 1238 (10th Cir. 2013)).  In light of these

cases, Petitioner contends that his suppression motion, "if adequately presented by defense

counsel, should have been granted and would certainly have changed the outcome of the

proceedings." *Id.* at 15.

Petitioner's claim is meritless.[4]  First, petitioner has not established that his attorney's

performance was deficient.  A counselor's choice in advancing one theory over another at a

suppression hearing is often a strategic decision. *See United States v. Prows*, 280 F. App'x 740,

742 (10th Cir. 2008) ("[A]ttorneys have wide latitude in making tactical decisions.") (citing

*Strickland*, 466 U.S. at 689).  An attorney is not constitutionally required to make specific

arguments—or even the best argument—at a proceeding. *United States v. Davis*, 406 F. App'x

268, 270–71 (10th Cir. 2010) (rejecting the petitioner's argument that his trial counsel was

---

[4] Much of Petitioner's motion is devoted to this claim for ineffective assistance of counsel based on the argument that his counsel should have challenged the initial stop as invalid due to misinterpretation and misapplication of the law.  To the extent that Petitioner's lengthy petition and supplement could be construed as asserting other claims, I decline to so construe the filings.  Petitioner must present his claims face up and squarely, and the claim addressed under Ground Two is the only claim so presented.

ineffective "for failing to raise the 'best' arguments at the suppression hearing"); *Prows*, 280 F. App'x at 742 (explaining that an attorney's decision "not to make the exact arguments that [the habeas petitioner] desired, standing alone, [does] not demonstrate that the attorney's decisions were so completely unreasonable as to constitute ineffective assistance"). Here, Petitioner's attorney advanced various arguments for the suppression of evidence seized from the trailer and the statements made to the officers in the motion to suppress, at the hearing, and in post-hearing briefing. [CR Docs. 64, 80, 82, and 85]. Counsel's decision to advance certain arguments over others in favor of the motion to suppress was a strategic decision. He was not constitutionally required to advance the particular argument Petitioner discusses here. I find that Petitioner has not established that his counsel's conduct rose to the level of deficient performance.

Even assuming *arguendo* that counsel's actions were completely unreasonable—which I do not find—Petitioner has not shown prejudice as a result of his attorney's alleged deficiency. Petitioner offers his own thorough interpretation of § 65-3-8. *See* [CV Doc. 1] at 5−9, 18–21, 24–28; [CV Doc. 11] at 12–16; *see also* [CV Doc. 12]. But he cites no binding authority—and I am unaware of any—to establish that Officer Chavez's and Judge Parker's interpretation and application of the statute was incorrect. Indeed, Petitioner's reply brief notes that the statute at issue was "ambiguous." [CV Doc. 11] at 18. Thus, Petitioner fails to show a reasonable probability that, but for his attorney's alleged errors, the result of the suppression motion would have differed. I find, therefore, that Petitioner has failed to show ineffective assistance of counsel under *Strickland*.

### C.      Claim of Ineffective Assistance of Counsel Regarding Evidence of Standing

In denying Petitioner's motion to suppress, Judge Parker held that Petitioner lacked standing to contest the search of the trailer.  [CR Doc. 91] at 15.  Petitioner challenged this ruling in his appeal to the Tenth Circuit.  *Lopez-Merida*, 466 F. App'x at 735.  The Tenth Circuit declined to address the challenge, choosing instead to assume that Petitioner had standing "because he loses on the merits."  *Id.*

Ground Four of Petitioner's present motion asserts multiple arguments as to what trial counsel should have done to establish Petitioner's standing.  [CV Doc. 1] at 1, 40.  However, Petitioner cannot establish prejudice as a result of his counsel's alleged deficiencies.  Even if counsel had established Petitioner's standing by advancing certain arguments and presenting certain documents, as Petitioner now contends, the result of the proceeding would not have changed.  As stated by the Tenth Circuit, Petitioner would have lost on the merits.  *See Lopez-Merida*, 466 F. App'x at  735.  I find, therefore, that Petitioner's claim is without merit.[5]

### D.      Claim of Ineffective Assistance of Counsel during Sentencing

In Ground Five, Petitioner claims ineffective assistance of counsel during sentencing. [CV Doc. 1] at 41.  Petitioner points to two different bulk marijuana weights listed in the record. Various points in the record document the weight to be 2,210 pounds, [CV Doc. 1-1] at 6, 17, while the affidavit of DEA Special Agent Erin Croft lists the weight as 2,346.63 pounds, *id.* at 12; *see id.* at 15.  The latter weight equates to approximately 1,066.65 kilograms.  At

---

[5] In Ground Four, Petitioner also implies that the Government had evidence of Petitioner's standing but withheld the information. [CV Doc. 1] at 40.  This argument lacks any supportive evidence.  I reject it as conclusory and find it to be without merit. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."); *cf. United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting allegations that were "merely conclusory in nature and without supporting factual averments").

Petitioner's sentencing hearing, Judge Parker discussed the marijuana weight with Officer Joseph. *See* [CR Doc. 156] at 12. When asked the amount of "bulk marijuana present in this case," Officer Joseph answered "1,066.65 kilos." *Id.* Subtracting 5% from the gross weight (to account for packaging), Judge Parker found the net marijuana weight to be 1,013.32 kilograms. *Id.* at 20. He sentenced Petitioner accordingly, and the Tenth Circuit affirmed. *Lopez-Merida*, 466 F. App'x at 737.

Petitioner contends that the lesser weight of 2,210 pounds is a more accurate reflection of the marijuana quantity and hypothesizes that the greater weight includes the weight of wood pallets on which the marijuana was stacked. [CV Doc. 1] at 41–42. He argues that his counsel "was ineffective for not investigating adequately into the records" and for "fail[ing] to show this evidence that was in the record." *Id.* at 42. Specifically, Petitioner argues that his counsel failed to present "impeaching evidence . . . showing that [DEA special agent] Erin Croft verified that she received 2,210 pounds of Marijuana into evidence, not the 2,346.63 pounds she alleged was the weight." *Id.* at 1. Petitioner contends that the November 4, 2010 sentencing hearing would have ended differently had his trial counsel introduced other weight-related evidence. *Id.*

During the November 4, 2010 sentencing hearing, Petitioner's attorney did call attention to the varying weights listed throughout the record. *See* [CR Doc. 156] at 15–18. For example, he asked Officer Joseph about the different weights listed "in the discovery documents, and in the pleadings, . . . the criminal complaint, [and] the affidavit to the criminal complaint." *Id.* at 16. Officer Joseph acknowledged these differences. *See id.* Regardless, Judge Parker found the net marijuana weight to exceed 1,000 kilograms, *id.* at 20, and sentenced Petitioner accordingly.

Petitioner has not established that his counsel was deficient, falling below an objective standard of reasonableness, as required for the first *Strickland* prong.  Counsel had wide latitude to make tactical decisions throughout the proceedings—including which arguments to advance at the sentencing hearing.  *See Strickland*, 466 U.S. at 689; *Prows*, 280 F. App'x at 742.  Indeed, he asserted arguments in line with those Petitioner asserts now, [CR Doc. 156] at 15–18; he was not constitutionally obligated to make the exact arguments Petitioner desired.  I find that counsel's conduct did not rise to the level of deficient representation.

Even if Petitioner were to establish that his counsel's performance had been deficient, he has not shown prejudice.  At the sentencing hearing, counsel questioned Officer Joseph on the varying marijuana weights in the record.  *Id.* at 15–18.  Despite this exchange, Judge Parker found the gross weight of the marijuana to be 2,346.63 pounds, or 1,066.65 kilograms, "by a preponderance of the evidence."  *Id.* at 20.  Petitioner has not shown that, but for his counsel's alleged deficiencies, the result of the sentencing hearing would have differed.  I find that Petitioner has not established the second *Strickland* prong, and his claim for ineffective assistance at counsel concerning the sentencing hearing is meritless.

## II.     Claim of Actual Innocence

It is unclear whether Petitioner's claim in Ground One, asserting "[a]ctual [i]nnocence of the underlying conviction," [CV Doc. 1] at 1, is freestanding or rather another claim for ineffective assistance of counsel.[6]  *Compare* [CV Doc. 1] at 1, *and* [CV Doc. 11] at 22 ("[Petitioner's] § 2255 claims that he is actually innocent of the conviction."), *with* [CV Doc. 1] at 17, and [CV Doc. 11] at 22 (arguing that "[c]ounsel's actions were unreasonable and

---

[6] The Government discusses Petitioner's claim of actual innocence as an exception to the procedural bar. [CV Doc. 8] at 4.  Petitioner, however, does not discuss actual innocence in this context.

ineffective in this case" concerning evidence of actual innocence).  I will construe Petitioner's

claim liberally and examine it as both a freestanding claim of actual innocence and a claim for

ineffective assistance of counsel.

### A.      Claim of Actual Innocence as a Freestanding Claim

As far as the claim of actual innocence is a freestanding claim, it is without merit.  As a

threshold matter, it is not clear whether a freestanding claim of actual innocence in a non-capital

case is even cognizable as grounds for habeas corpus relief.  *See McQuiggin v. Perkins*, 133 S.

Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas

relief based on a freestanding claim of actual innocence."); *Dist. Attorney's Office for 3d Judicial*

*Dist. v. Osborne*, 557 U.S. 52, 71–72 (2009); *House v. Bell*, 547 U.S. 518, 554–55 (2006); *cf.*

*Herrera v. Collins*, 506 U.S. 390, 417 (1993) (assuming, without deciding, that a persuasive

demonstration of actual innocence in a capital case would render the execution of a defendant

unconstitutional).

However, the Supreme Court has cautioned that if such a right exists, "the threshold

showing for such an assumed right would necessarily be extraordinarily high."  *Herrera*, 506

U.S. at 417 (finding two witness affidavits submitted ten years after a trial to be an insufficient

showing of innocence); *accord House*, 547 U.S. at 555 (finding that new evidence, including a

putative confession and new DNA evidence suggesting another individual committed the crime,

would not be a sufficient showing of innocence).  Petitioner has presented no new evidence that

he is actually innocent.  *See generally* [CV Doc. 1] at 17; [CV Doc. 11] at 22–23.  He offers

nothing but conclusory assertions that he is innocent.  Accordingly, he has not satisfied the

13

extraordinarily high standard for such claims, assuming that they are permissible.   I find, therefore, that Petitioner's claim is meritless and should be denied.

### B.        Claim of Ineffective Assistance of Counsel Regarding Actual Innocence

As far as the claim of actual innocence is a claim for ineffective assistance of counsel, it is also meritless.   Petitioner contends that his co-driver, Mr. Ruiz, and another individual orchestrated the marijuana shipment and could have potentially testified to his innocence. [CV Doc. 11] at 22–23.   In light of this potential evidence, Petitioner claims that his counsel should have filed a timely motion under Fed. R. Crim. P. 29 for a judgment of acquittal.   *Id.* at 22.   Instead, Petitioner argues, his counsel "failed to file [a] [R]ule 29 motion within the time allowed and caused a meritorious motion to be denied for being filed untimely."   [CV Doc. 1] at 17; *see* [CV Doc. 11] at 22.

The Tenth Circuit has found no constitutional violation where counsel failed to file a Rule 29 motion and the evidence against the defendant—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—could cause a reasonable jury to find the defendant guilty beyond a reasonable doubt.   *United States v. Lopez*, 100 F.3d 113, 118 (10th Cir. 1996) (disagreeing with the § 2255 petitioner that "a rational trier of fact could not have found [the] elements proven beyond a reasonable doubt").   The standard is "highly deferential." *Id.*   As with all claims for ineffective assistance of counsel, the defendant must show prejudice: that "but for" the failure to bring a Rule 29 motion, the result of the proceeding would have been different.   *Id.*

Petitioner was convicted of possession with intent to distribute 100 kilograms or more of marijuana and conspiracy to commit the same offense.   *Lopez-Merida*, 466 F. App'x at 735.

Petitioner does not explain specifically how a Rule 29 motion to acquit would have changed his ultimate convictions.  Moreover, the evidence against Petitioner was sufficient to establish all elements of the claims for possession with intent to distribute 100 kilograms or more of marijuana and conspiracy to commit the same offense.  Accordingly, I find that Petitioner's claim for ineffective assistance of counsel regarding evidence of actual innocence and the Rule 29 motion is meritless.

### III.    Claim Regarding *Alleyne v. United States*

Ground Three argues that the district court imposed the mandatory minimum 10-year sentence in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[7]  [CV Doc. 1] at 1, 39. Under *Alleyne*, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  *Alleyne*, 133 S. Ct. at 2155.  The Supreme Court decided *Alleyne* in 2013, after Petitioner's sentencing and direct appeal.  Petitioner contends that *Alleyne* applies retroactively and urges the Court to "calculate a new sentence of five years as the facts delegate."  [CV Doc. 1] at 39.  The Government argues that *Alleyne* does not apply retroactively to cases that became final before the decision was announced.  [CV Doc. 8] at 8–12.  The Government is correct.

The Tenth Circuit has declined to apply *Alleyne* retroactively to cases on collateral review, explaining that the Supreme Court has not held *Alleyne* to apply in such cases.  *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013).  This ruling comports with the decisions of various sister circuits.  *See, e.g.*, *In re Mazzio*, 756 F.3d 487, 489–90 (6th Cir. 2014); *United*

---

[7] Petitioner additionally cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in the heading but fails to explain how *Apprendi* applies here.  The argument in support of Ground Three appears to concern *Alleyne* alone. Accordingly, I will address Petitioner's argument that he should be resentenced in light of *Alleyne*.

*States v. Reyes*, 755 F.3d 210, 212–13 (3d Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92

(2d Cir. 2013) (further analyzing *Alleyne* under *Teague v. Lane*, 489 U.S. 288 (1989)).  I find,

therefore, that the *Alleyne* claim is meritless.

### CONCLUSIONS AND RECOMMENDED DISPOSITION

I respectfully recommend that Petitioner's motion to supplement his reply [CV Doc. 12]

be **GRANTED**.

For the reasons set forth herein, I further recommend that Petitioner's § 2255 motion [CV

Doc. 1] be **DENIED**, and that his action be **DISMISSED WITH PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**